RECEIVED

AUG 26 2021

BY MAIL

Raymond D. Cooper
5 Baxter Drive
St. Genevieve, Mo. 63670

Honorable Stephen Welby
Thomas Eagleton Blg. Courthouse.
111 S. 10th St.
St. Louis, Mo. 63102

Re: Criminal Actions to
illegally obtain evidence;
18 USC 3504(a)(1).
Request for dismissal/ or
Hearing for oral arguments.

Honorable Judge Welby,

        I first wanted to express to the Courts that I am an educated person. Although I'm educated, I am not an attorney and attempt in no form to assume I'm anywhere near the professional litigators within your courts. My field of education is business and administration. So in short I think numbers and in accounting or book keeping we have no error margin.

    I find it beneficial to think pragmaticly. Which I believe the Honorable Courts should empathise with that idea. Although when the government who is working within guidelines to keep ethical standards within their practise. It limits the tools in which the government may use. And working between the legal ethics and the Law of the constitution. The government sometimes unknowingly steps over the lines of ethics or constitutional guidelines to reach their goals. Although some may believe an "end justifies the means". Which is "vigilante justice". I do not envy your service to the American People your Honor. I'm an ex-fire-fighter/First responder. And the duties could cost me my life. You are faced with making choices that effect peoples

1-of-22

Lives and the lives of those who depend on them.
And I could say statisticly you were at one time on the fence about a decision. And regardless of your choice. You had to resort to a pragmatic school of thought and due to removing personal opinions, religious convictions, or any prejudices in its simplest form. Some of them choices likely return to you after several hundred cases. As I said. I do not envy your profession. Yet I do admire your professions integrity.

Forgive my opening, its ment as a basis for my message I wish to present the court. Getting to that point. I believe the U.S. attorney has some of those same struggles. Yet going through the motions everyday Ms. Jillian Anderson may not see the situation before us. As I said I try to use a pragmatic mind when looking at the law. Emotion has no place in our courts. Only in victim Impact statements. Yet in determining guilt. Its my opinion it must remain in the relm of pragmatisim.

In where my message is presented. I may or may not owned a flashdrive. I don't know if its similar to that of the government is describing. Yet any illegal content on that drive or any drive which is illegal is not my property. And anything not being in my possession and being found in a public area of a park. Is under definition not in my possession. So law enforcement called FBI to assist. FBI Just as Kahoka Police contacted me to accuse me of perversion. I invoked my right to counsel prior to anymore questioning due to cooperation only angered the officials. So they used unconstitutional means of recruiting a third party to illegally search and interrogate my person posing as a civilian.

2-of-22

Although I am not the sole party who has had access or used this social media profile. I can 100% confirm I have never ever, ever requested images or photographs of this Fictitious Persona "Maddy" (U.C. Det. Steve Feeney) genitals, vagina or reproductive organs.

As I researched the Indictment I see the U.S. Attorneys office has failed to present probable cause to show in any way that there is any messages indicating that I requested images of "Maddy's" genitals. Simply nothing within the subject matter indicates this. And should this go before a jury.

And it will if your Honor doesn't see these facts presented have no merit. Then a jury will see there is not anything to indicate any request for images of anyones genitals.

Yet Lucy Liggett told me in a meeting 1-on-1 here at the Jail that Jillian Anderson is having problems with getting this "Flashdrive" into evidence. Also stated that since Jillian Anderson could not charge me with this "Flashdrive", she used anything she could to charge me with something. And then use this "drive" to convict me. Which is doing exactly what I was saying is not lawful. Using prejudice and emotions of a jury to convict rather than facts. Since I cannot get any counsel to speak for me. I have to speak for myself.

I have done my homework. I know if the government fails to produce evidence to support the Indictments charge. It will not survive pretrial motions. And I also know what is needed to convict. Also I am aware Lucy Ligget and Jillian Anderson was attempting to draw my attention away from the subject matter and indictment by flashing this "Flashdrive" issue to use as a "Tactical Diversion". I'm aware of the tactic.

And I will not entertain it as if I'm a 'simpleton'.

Although I Know Jillian Anderson used illegally obtained evidence to open a charge for an Indictment which she could not convict on its face. But is attempting to use unfounded, unlitigated, and highly questionable evidence to inflame the Jury to convict me off pure emotion. Because there is no evidence supporting 18 USC 2252 A (a)(3)(B)(ii). Nothing in the subject matter supports even remotely that the "defendant requested "Maddy" that she send him images of 'her genitals." It is "legal Fiction." And this defendant wishes the Honorable courts to review the Messages in question and see for yourself. There is nothing in the subject matter indicating the facts sworn in the indictment is based on probable cause. And I challenge the Indictments legality.

I Also see in the Discovery the Alleged messages in which the Government is relying on is second hand information Not a complete transcript of the said Conversation. Merely a synapsis of Detective Feeney's reports. (2019-006063KPD.) Which I'm requesting the entire report and subject matter to be supressed due to it was obtained by a criminal Act. As Chapter 223; 18 USC § 3504 (a) (1) "upon a claim by a party aggrieved that evidence is inadmissable 'because it was obtained by the exploitation of an unlawful 'act, the opponent of the claim shall affirm or deny the 'occurance of the alleged unlawful act."

Which I will Present in a Affadavit of facts which will be in the next section.

I Raymond D. Cooper Defendant in case # 4:21-CR-190 SEP hereby swear and affirm the Facts presented herein are based on personal Knowlege and gathered from the study of Statutes as well as evidence presented by the U.S. Attorneys office.

Detective Steven Feeney ID: 377 of Kirksville Police Dept. admits in his reports based on and in: 2019-0060063 KPD which he is said by his own person to have authored and written on or about 8-9-19. That he created a "Fictitious" 'persona" (Maddy) which the Avitar Maddy was said to be a 12 ye old girl. And Det. Feeney states and affirms in his reports that his (Feeneys) intentions was to gain access to the defendants private section of the defendants social media account not accessable to the public by using the "Fictitious Persona". Which removed the concent factor to any search of private property. Namingly a non-public section only accessable to friends, family and social associates permitted to access the section. By Det. Feeneys use of a false account (which is prohibited by Facebook) to gain entery to search. It violates chapter 109; 18 USC § 3504 and 18 § 2236 "Searches without a warrant". The Detective was operating on the Internet and this is persistantly Jurisdiction assumed to be Federal. Thus outside his Jurisdiction and most obey the rules of such Jurisdiction if his actions are justified for assuming Jurisdiction. Det. Feeney did not have probable cause, nor jurisdiction, and did not first obtain a warrant or gain concent from the defendant to search. Which violates the defendants rights to "Unlawful Searches and Siezures."

Which this defendant is addressing the smaller issues prior to the magne issue in which will be presented in this affadavit.

Criminal Rules of Evidence Article IV ; Rule 402 Provides that evidence is admissable 'unless' the following provides otherwise, • U.S. Constitution

• a federal statute

• these rules; or -

• other rules proscribed by the supreme court.

Which, under 18 USC § 2234 and 2235 is Federal Statutes that was violated in Det. Feeneys actions.

Also Det. Feeney's own admission that he used a fictitious Persona to attempt to obtain photographs of the defendant and the defendants tattoos. Which shows he did have "intent", to deprive my person of 'property'. Which the supreme Court of New Hamp. Under State V. Nelson, No. 2003-162 (N.H. 2-20-2004) "The Supreme Court found Digital Copies of stolen photographs as property and considered to be stolen by mere scanned digital Copies." As Det. Feeney admits he intended to obtain property in form of photos that belonged to the defendant by use of deceit of a fictitious Persona where otherwise had Feeney Identified himself would not have had permission to access these photographs.

"Property" in form of photographs as digital "Copies" are established under State v. Nelson, 2003-162, (N.H 2-20-2004) and under Title 17; chapter 1; section 101 Under Definitions of the Visual Arts Protections Act of 1990.

"Copies"— are material objects, other than phonorecords in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with aid of a machine or device. The term "Copies" includes the material object other than a phonorecord, in which the work is first fixed.

So by law the photographs of tattoos that this defendant has authored or is the owner. Is protected under the "Property" clause.

And this defendant does agree, should the defendant shared the photographs on a publicly accessed forum. It would be open to all persons including Det. Feeney. Yet Det. Feeney did not access these photos of the defendant or the defendants tattoos on a public forum. But a private forum reserved for those approved. Det Feeney was not one of those Persons.

under the same chapter Title 17; chap. 1; sec. 101 "Publicly" means to perform it at a place open to the public or at any place where a substantial number of persons outside a normal circle of a family and its social aquintances is gathered.   7-of-22

And Title 17; chapt. 1; sec. 101 defines A work
"Fixed" in a tangible medium of expression when its embodiment
in a copy or phonorecord, reproduced, or otherwise communicated
for a period of more than a transitory duration. A work
consisting of sounds, images or both, that are transmitted, is
"Fixed" for purposes of this title if a fixation of the work
is being made stimultaniously with its transmission.

(TATTOOS 1st Amm.)

FBI Agent Mat Thrasher indicated that there in possession
of Photographs of this defendents tattooed penis. Yet
in the messages reported by Det. Feeney there is a
description of a conversation about tattoos, which was
on a medium of a penis. And the narritive of the
conversation in the discovery is not in a sexual or
lewd context. But is a discussion on the Artistic
expressions of tattoos. Not the Penis. This Artistic
expression is protected under the 1st Amendment.
See Coleman v. City of Mesa, 230 Ariz. 352, 284 P.3d 863 (2012)
"Seems incontrovetable" that tattoos are "pure speech". Therefore
'protected under the 1st Amendment."
Anderson v. City of Hermosa Beach, 621 F.3d 1051, 1055 (9th Cir-
-2010) "Tattooing and Tattooing expressive thus protected under the 1st
'Amendment".
Under Coleman "First Amendment protects tattooing just as much as
protects the tattoo itself. [Id. at 870] "The Art of writting'
'is no less protected than the book it produces nor is '
'painting less an act of free speech than the painting that results"

# (TATTOOS 1st Amm. (continued))

Tattoos - It is clear to the Court that first Amendment protects tattoos as speech. in the same way it protects paintings, drawings, or video games. Anderson, 621 F3d. at 1060 ("there appears to be little dispute that the tattoo itself is pure 1st Am. "Speech."

Coleman, 284 P3d. at 870 (noting that it "seems incontrovertable" that a tattoo is "pure speech". After all tattoos are words, symbols, or pictures rendered on a persons body, rather than canvas or paper. Anderson 621, F 3d at 1062.

Schuster INC. v. Members of the N.Y. State crime victims Bd. 502, U.S. 405, 116-18, 112, S.ct. 501, 116 L.Ed. 2d 476 (1991) "First Amendment protects both the Act of writting Content and the 'act of publishing it."

Buehrle v. City of Key West, 813 F.3d 973 (11th Cir. 2015) "Tattooing / Tattoos protected speech."

First Am. declaration that Congress shall make no law Abridging freedom of speech "clearly prohibits any agency of government from banning lawful expression in whatever form, Police Dept. of chicago v. Mosley, 408 U.S. 92, 95, 92. S. Ct. 2286, 2289, 33, L.Ed. 2d, 212 (1972) "Above all else the first Amend. means that the government has no power to restrict expression because of its message, its ideas,

'its subject matter, or its Content."

## (Nudity And Protected Expression)

State v. Turner 382, N.W. 2d 252 (Minn. App 1986)
"Sunbatheing alone isn't protected under the 1st Am. "but"
with Artistic expression it is." (Nude Sunbatheing)

Ferber stated " Depictions of nudity without more constitute '
'protected expression". New York v. Ferber 458, U.S.
747, 765-67, 102 S. Ct. 3348, 3359, 3360, n. 18
73 L.Ed. 2d 1113, 1128, n. 18 (1982).

Shields v. Gross, 461, N.Y.S. 2d. 254, 58
N.Y. 2d 338, 448, N.E. 2d, 108 (N.Y. 1983)
( Case was over Actress Brooke Shields nude photoshoot '
of Shields at 10 yrs of age displaying full body nude
photos shot by Garry Gross Photographer ).
"Shields did not contend that the photographs were obscene '
'or pornographic. Her only complaint was that she was '
'embarrassed because "they" [ Photographs ] are not me now".
"The Trial Court specificly found that the photographs '
'were not pornographic and its enjoined use of them '
'in pornographic publications." These Photographs were
contracted for "Playboy INC."

State v. Whited (Tenn. 2016)

"Videos do not depict a minor engaged in "Sexual"
'Activity", defined by as the lacivious exhibition of a'
'minor's private body areas. For this reason, the videos'
'are insufficient to support the defendants convictions'
'for especially aggrivated child sexual exploitation.'
'Accordingly we reverse and dismiss the defendants'
'convictions for especially aggrivated sexual exploitation'
'of a minor."

People v. Pinkoski, 729, N.Y.S. 2d 585, 188
Misc. 2d. 588 (N.Y. Dist. Ct. 2001)

Motion to dismiss indictment granted Quoting Ferber:
"The Legislature was faced with how to define these'
'crimes in such a way to exclude such harmless'
'commonplace actions as a parents photogrophy of his or'
'her infant children in a Bathtub. etc. The legistature'
'attempted to distinguish between the two by providing in'
'article 263 that to constitute a crime, the behavioure'
'must involve more than nudity: First, genitals must be'
'visible; Second, they must be more than merely visible;'
'they must be exhibited; and finally, the exhibition'
'of genitals must be lewd. For behavioure to be lewd.'
'The actor must do something in addition to merely'
'being nude."

The Government is alleging that the defendant requested 12 yr old "Fictitious Persona" 'Maddy' that 'she' send him images of her genitals.
(which is legal fiction.)
The messages in question states in Det. Feeneys Reports that the Defendant stated: "If you were ever to send 'me nude pics I would believe you were real."

As described 'nude' cannot be construed to be "genitals". Nude being vague. And as presented in case law, Nudity alone is not illegal. And the legal definition of Genitals is under State v. Jones, 7 N.C. App. 166, 171 S.E. 2d 468 (N.C. App. 1970).
"Genitalia" (Female) according to the "2 Attorney's Textbook of Medicine, 3d. Ed., paragraph 39.02 it is said "In the female, all organs and structures concerned, with the function of Reproduction lie within the body deep in the lower part of the abdominal cavity or pelvis."
Female Breasts or Chest is not genitals, nor can a female be photographed nude to show her genitalia without specificly displaying her genitalia by un-natural poses.
And this is due to female genitalia under the legal definition is internal organs. Simply being nude is not displaying ones genitalia. So the U.S. Attorneys office has over extended and produced legal fiction to implicate that there is cause to indict this defendant. Nothing within the Subject Matter can be construed to imply even in the thinnest way that the defendant requested

The Fictitious Persona Maddy to send photos or images of 'her' genitalia, by a vague interpretation of 'nude' posed as a hypothetical.

The U.S. Attorney is believed to use a vague term to gain a basis for a Indictment to present prejudicial evidence which was likely rejected as a prosecutable claim. So in this defendants belief it is a way for the U.S. Attorney to commit fraud upon the court by circumventing the Law to prejudice this defendant.

And without any subject matter to show that this defendant was the person behind the profile, at the time of the message in question, and made a request (Not a questionable Hypothetical and vague comment) for "Maddy" to send images of her Vagina, genitals, uterus, uterine tubes ect. The Indictment is false. And must be dismissed.

And lastly; This Defendant accuses the U.S. Attorney of using evidence obtained by exploitation of a criminal offense. Which this defendant is addressed to police in Kirksville Missouri, as well as a request for Adair County District Court to intervene in the violations of Law by Detective Steven Feeney.

13-of-22

Detective Steven Feeney of Kirksville Police Dept. admits he used a "fictitious persona" (deceit) to obtain "photographs" (Property under State v. Nelson and "Title 17; chapter 1; section 101; "Copies" "Publicly" and "Fixed" medium.

To intentionally obtain these "Copies" of "Property" by use of deceit, without the concent of the defendant. And "concent" cannot be interpreted as acceptance of the "Friend request" from "Maddy" because "Maddy" does not "exist" and merely a vehicle of deception to illegally obtain access to a private establishment section of a social media platform, with intentions by Det. Feeneys own confession in his reports to obtain "property" that did not belong to him.

Under MISSOURI Law RsMo. 570.030 this is a crime of "Stealing"

"A person commits a crime of 'Stealing' if he or she 'appropriates property or services of another with the intention' 'of depriving him or her thereof, either without his or' 'her concent or by means of deceit or coersion"

Which the state of MISSOURI mirrors "Theft by deception" as model Penal Code § 223.3.

Det. Feeney meets every single aspect to have acted under the Color of Law to commit the crime of 'stealing' against my person. And did so with the intentions to exceed his local jurisdiction into federal jurisdiction which is not within his Jurisdiction.

Nor his legal duties to Initiate contact with this Defendant out of the entire population of the Internet. Thus targeted this defendant. And Knew this defendant had tattoos on his penis. And persistantly questioned this defendant or whom he believed to be this defendant to coerce the topic of the defendants Artistic medium. The Det. is said in the Messages to question the defendants arts of Tattoos. For nearly a year. Awaiting the topic of penis tattoos to later prosecute the defendant for his artistic expressions protected under the 1st Amendment. This is also the Definition of Legal "Entrapment." "Entrapment"— A law enforcement officer's or government' 'agents' inducement of a person to commit a crime by' 'means of "fraud" or "undue Persuasion" in an attempt' 'to latter bring a criminal prosecution against that' 'person". To establish entrapment the defendant must show' 'that he or she would not have committed the crime but' for the fraud or undue persuasion".

Detective Feenys actions alone show the fraud with the theft or "Stealing by deceit". Under his collective actions and voluntary statements in his reports. And should Det. Feeney had not Initiated contact and Internet stalked the defendants profile for nearly a year. The case would not exist.

Won Sun v. United States, 371, U.S. 471, 484-85, 83 S.ct. 407, 9, LEd. 2d. 441 (1963) "Fruits of a 'poisonous tree must be excluded from officers illegal Actions". State v. Miller, 894, SW, 2d. 649, 654, (Mo. Banc.1995) "Evidence discovered and later to be deprivitive of the forth Amend." 'violation must be excluded as fruit of a poisonous tree".

Also to reintereate the claims of the Comment within the texts that stated "If you were ever to send nude pics," 'I would believe you were real."

This expresses that the party making the comment was not believing that "Maddy" was a real person. Therefore expresses that the belief 'maddy' was 'fictional' and the Government cannot satasfy the "Knowingly" in 18; USC 2252 A (a) (3)

And there is no depiction of a "minor" nor any subject matter under 18 USC § 2252 A (a)(3)(B)(ii) to indicate the existance of any photograph of "Maddy" which the Indictment is based to depict "Maddy" in "a visual depiction of" 'an actual minor engauging in sexually explicit conduct".

"Sexually Explicit Conduct" defined under 18 USC § 2256

(1) "minor" means any person under the age of 18 yrs of age.

(2) (A) Except as provided in subchapter (B) "Sexually explicit" 'Conduct" means actual or simulated—

   (i) sexual intercourse, including genitals- genitals, oral - genitals, anal - genitals, or oral- anal, whether between persons of the same sex or opposite sex.

(ii)  bestiality

(iii)  Masterbation

(iv)  sadistic or Masochistic abuse or;

(v)  lascivious exhibition of the anus or genials or pubic area,

And under (V) it must show lewdness.
Nudity alone is not a criminal offense or pornography.
see Shields v. gross, (as prior stated)
Osbourne v. Ohio, 495, U.S. 103, 112-113, 110, S.ct.
1691, 1697, 1698, 109, L.Ed. 2d. 98, 111 (1990).
Also see United States v. Steen, 634 F.3d. 822
(5th Cir. 2011). "Steen was convicted of production of"
'child pornography in violation 18 USCS § 2251(a)
conviction reversed due to insufficient to find lascivious
exhibition of the genitalia under the Dost Factors.
(1) (2)(3) or (4) and this Indictment criteria in case#
4:21-CR-190 SEP United states v. Cooper, there is no
photographs in the subject matter to apply any lascivious
test under Dost Factors, Miller v. California Test,
due to there are no photos of minors. And without
photos of minors this Indictment cannot survive
pretrial challenges.

     Should the U.S. Attorney attempt to insinuate
that the content on the implyed "Flashdrive" which
was found in possession of the City of Kahoka
and at no point showing content is Coopers.
Which the State of Missouri and Federal
Grand juey did not Indict on this Flashdrive

17-of-22

Nor its content because it was found in a general public area. Would be fraud upon the court. This Defendant was Indicted for illegal content and subject matter illegally obtained by Det. Steve Feeney.

At this time the Defendant has filed a complaint with the Kirksville Police Dept. against Steven Feeney. And Filed a request for Relief with Adair County Courts for the Criminal Conduct of Steven Feeney against this Defendant. (Raymond D. Cooper V. Steve Feeney Et. AL. # 21AR-CVOO534. Filed on Aug 10th 2021. To At minimum preserve the issue for appeal. Which this defendant cannot see why the courts would allow this case to continue with the compounded evidence against the U.S. Attorneys absolutly nill evidence against the Defendant. This Defendant Knows that the Indictment was not aquired with Legal Integrity and Ethical standards on the U.S. Attorneys part. But this Defendant believes in his factual Innocence of the Charge which he is Indicted. And due to that he wishes to challenge the Indictment. Without a prejudicial infamitory admittance of evidence. In form of a Unlitigated Flashdrive that is not the defendants property. Or unlitigated unfounded allegations of individuals of questionable life choices. There is no case. And the case has been initiated in relyance of prejudicial unfounded claims that is formed to influence the Jurys prejudice.

This case Just as United States v. Steen, 634,
F.3d 822 (Tex. App. 2011) should be dismissed.
Additionally the Honorable Courts openly directed
the U.S. Attorney in the Initial Appearance
that they (U.S. Attorney) must surrender all evidence.
Exculpatory included to the Defendant. The U.S.
Attorney and Steven Feeney has edited the
messages produced in the discovery. And has
not produced the screenshots nor actual
transcripts of the content. Has not produced
any photos to show the defendants "Tattoos"
nor any other "Intellectual property" which the
defendant was deprived which the government plans
to use.

The defendant plans to copyright all content
of his tattoo works of Art and Images the government
stole through Steven Feeney. And currently the
U.S. Government is in violation of "Receiving Stolen
property".

This Defendant Knows most attorneys will not
defend those charged with Sex offenses. And
has seen it here in this case. Stronger cases
such as U.S. V. Steen has won appeals.
U.S. v. Cooper should not survive this motion
or correspondence to the Courts.

I 100% believe in my Innocence. And I
have no reservations to take it to trial. Yet with

Absolutly no subject matter to support the Indictment. There is nothing supporting a Conviction. Only prejudicial and Infamitory unproven claims unrelated to the Indictment. Should a trial Court find guilt. Youre Honor seeing these facts being raised 'may' see the likelyness of a successful appeal, and reversal. So in saving precious resources, time and life and liberty of this defendents. And due process rights that have been violated because there is no probable cause to hold this charge against the defendent. There is no photographs nor any statement to support the Governments claims that the Defendant requested photos of "Maddys" Genitals, or the belief "Maddy" was a real person. And the Detective Not surrendering "All" evidence. This Defendant also showing Criminal Conduct of Det. Feeney to gain evidence. And gain evidence without warrant.

I therefore Humbly request the court to dismiss the Indictment. Or allow this defendant to adress the Honorable Courts to contest the Indictment, and Or allow the Defendant to Order the Detective to answere the challenge under 18 USC 3504 (a) (1). And compell the U.S. government to produce a hardcopy of the Indictment, discovery, all evidence including photos aquired by Det. Feeney that is no form pornography under law. Nor does it depict nudity of a child. Thus not prohibited.

And compell transcripts of the grand jury to determine 'how' a determination was reached when there is no nudity of a

'minor' or 'Context' to 'solicit' or 'request' nudity of Maddy or Maddys 'genitals' in a 'lewd' manner to satisfy an Indictment.

And this defendant requests copies of the content so he may copy right the material to prohibit this from transpiring again.

Also the Defendant resists all charges in which the Government has Indicted or asserted.
(End of Affadavit.)

Youre Honor I do apologise for this lengthy correspondence. I simply wish to contest an unlawful action against me. Im 45 yrs old. I am tired. But I will fight this with my last breath.

I Know if this goes to trial. A likelyhood of a jury to convict not on evidence but fear that the person on trial is a predator against children and would not risk even a minimal of 1% chance of placing a person suspected out amoungst their family and community. All it takes is an allegation. With Sex offenses the jury does not convict off of "Evidence Beyond a reasonable Doubt". They Convict on a possibility of it could be true. People are cynical and anyone accused of Sex offenses are convicted by public opinion. And demonised upon filed charges.

My belief is I will not get a impartial Jury.

Yet I will not get an impartial Trial Judge or

an impartial Trial. My only hope is to show youre
Honor the pre-trial issues and move for dismissal.
Or take the long road home to serve years to
win appeals. I'm going to exhaust every avenue prior to
trial including Habeas Corpus, Certiari, and Federal questions.
I simply cannot accept guilt for an indictment I'm
not guilty for.

So I pray you forgive the length of this argument
and see the Facts, case law, Law and the Criminal
acts of Det. Feeney under Rsmo 570.030.

Had a civilian did this. The police would of charged
him. But police are not above the Law. And because he
obtained evidence unconstitutionally and criminally. It cannot
be admissable under Law. And since its the Foundation
of the case. The Indictment most be dismissed.

Thank you so much for youre time, patience
and tollerance youre Honor.

Humbly + Respectfully
Submitted

Rayne D Cooper

22-of-22

Raymond D. Cooper
S Beslee Drive
St. Genevieve, MO. 63670

Deposit Funds. On-line at:
InmateCanteen.com

Honorable Stephen Welly
Thomas Eagleton Courthouse
111 S. 10th St.
St. Louis, MO. 63102