United States of America
Eastern District of Missouri

| United States of America | ) | |
|---|---|---|
| (Plaintiff) | ) | case: 4:21-CR-190 SEP |
| | ) | |
| v. | ) | |
| | ) | Re: Motion for Hearing, or |
| | ) | motion to Contest Legality |
| Raymond D. Cooper | ) | of Indictment, and or |
| (defendant) | ) | motion to dismiss. |
| | ) | |

Pro-Se / In Co-Counsel Request for Hearing under Chapter 223; 18 USC § 3504 (a)(1) "Litigation concerning sources of evidence".

Comes now Raymond D. Cooper, pro-se as defendant co-counsel before the Honorable Courts to petition or move for a hearing concerning sources of evidence in which the defendant is claiming the evidence in which the entire indictment is founded was obtained by investigating officer Detective Steve Feeney of Kirksville police Dept. I.D. #377 on or about 8-9-19, by exploitation of an unlawful Act of "Stealing" under RsMo 570.030. Detective Steven Feeney was acting under the Color of Law in which he openly admits in his sworn reports 2019-006063 KPD that he (Det. Feeney) did use "deceit" to obtain and deprive the defendant of his "Property" in form of "photographs" of his intellectual property of "tattoos". Which under Missouri Law, Detective Feeney committed the criminal Act of "Stealing by deceit".

Under Missouri Statute 570.030 "Stealing"
"A person commits a crime of stealing if he or she
appropriates property or services of another with the
intention of depriving him or her thereof, either without
his or her consent or by means of deceit or coersion."

And by the case law in the N.H. Supreme court
ruling on a case mirroring digital Photography being
"Property" it has been established as digital property
regardless of the value. The Value lays with the owner.
State v. Nelson, No. 2003-162 (N.H. 2-20-2004)
(Computer scanned photos are deemed property)
Alexander v. Take two Interactive Software INC. 489,
F. Supp. 3d. 812 (SD. Ill 2020)
"Videogame designers violated copyrights of tattoo artists
intellectual property due to not gaining permission to
reproduce or copy tattoos the artist created on
Randy Orton WWE wrestler."

   This defendant is an artist, tattoo artist, designer of
all his works of artistic expression. And thus sole
holder of those exclusive Rights gauренteed under
Visual Arts Act of 1990 (17 USCA § 106 A, 113)
   This defendant is simply expressing that the property
regardless if its a photograph or photograph of a
tattoo or expressed work of Art is "Property".
And Detective Feeney used deceit to deprive
the defendant of that property by gaining a

Copy by facilitating 'deceit' which is a criminal act. Thus an "Unlawful Act" by violating state law. And inadmissable as evidence under Chapter 223; 18 USC 3504(a)(1). And criminal Rules of Evidence Article IV; Rule 402.

This defendant has filed a formal Complaint with Adair County Courts where Detective Steve Feeney was operating at the time of the offense. A Temporary Restraining order and Preliminary Injunction request was filed against the Detective for his criminal acts against a private citizen. Regardless if Det. Feeney is a law enforcement officer. He must operate within the laws. Therefore this defendant has filed a case against the Detective for his criminal actions. Raymond D. Cooper v. Steve Feeney Et. AL. case # 21AR-CV00534. Filed on Aug 10th 2021.

In the process of Det. Steve Feeney's criminal Act of "stealing". U.S. Attorney Jillian Anderson is in possession of this property in which is subject to a criminal complaint of "stealing". Thus under techicality. U.S. Attorney Jillian Anderson is in "possession of Stolen" "Property" which is furthance of a criminal act. Which this defendant believes the U.S. Attorney was not aware of the criminal Act of Det. Feeney. And not aware of this 'stolen' property in her

possession is in fact "stolen". Yet now this defendant is notifying the Courts and Jillian Anderson of the situation. Should Jillian Anderson not withdraw the evidence. Its a criminal Act against this defendant.

"Additional Claims"

(1) Under United States v. DUBO, 186, F.3d, 1177, 1179 (9th Cir. 1999) 'Criminal Indictment missing an essential' 'element that was properly challenged before trial must be' 'dismissed". DuBo decision establishing the "Automatic' 'reversal rule" at issue on three premises:

The court in DuBO held that if properly challenged' 'prior to trial an indictments complete failure to recite' 'an essential element of the charged offense is... a fatal' 'flaw, requiring dismissal of the indictment". 186 F.3d at 1179.

(2) The U.S. Attorney has used evidence in which was obtained by a criminal Act by police. And due to the law states the opponent must admit or deny the claim. The defendant wishes the U.S. Attorney to answer while "Under Oath". Because due to Det. Feeneys Sworn Police Report and prior statements. He admits to all elements that show he is guilty of 570.030. And is Irrefragable due to his confession in his reports.

3.) The U.S. Attorney Jillian Anderson claims the defendant Raymond D. Cooper Between Aug 13, 2019 and June 12th 2020 in Adair Co. Mo. and elsewhere, the defendant herein did 'Knowingly' solicit through the mail or using means or facility of an in an affecting, interstate and foreign commerce, by any means, including by computer any material in a manner that reflected the belief and was intended to cause another to believe that the material solicited contains a visual depiction of a minor engauging in sexually explicit Conduct, to whit the defendant communicated via internet based on a social media with a undercover law enforcement officer that the defendant believed to be a twelve year old girl named "Maddy" and the defendant requested "Maddy" that she send him images of her genitals, in violation of 18 USC 2252 A(a)(3)(B)(ii).

Which in the Federal Codes 18 USC 2252 A(a)(3)(B)(ii) States; (a) Any person who — (3) "Knowingly" (B) Advertises, promotes, presents, distributed or solicits through the mail, or using any means of facility of interstate ~~commerce~~ or foreign commerce or in affecting interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that the material or purported material is, or contained (ii) a visual depiction of an actual minor engauging in sexually explicit conduct.

Previously stated in New York v. Ferber, 458, U.S. 747, 765,-67, 102 S.ct. 3348, 3359,-60, n.18, 73, L.Ed. 2d 1113, 1128, n.18 (1982) that "depictions of 'nudity' without more, constitute protected expression".

This defendant is establishing that a vague, indirect comment about nudity cannot be construed to be interpreted into a comment of a request for "images of anyones genitals." And there is no evidence supporting the governments claim that a vague comment of: "If you were ever to send 'nude pics, I would believe you were real".

This expresses that the party making such comment did not believe the reciepient of the comment was a real person. Therefore the clause 18 USC 2252A(a)(3) "Knowingly" is not existant or any reason to believe is existant. The government has not satasfied probable cause to present anything in the subject matter to indicate under 18 USC 2252A (ii) "a visual depiction of 'an actual minor engauging in sexually explicit conduct", which there is nothing in the Presentment of discovery to show anything that suppoets this claim.

"Sexually explicit Conduct" is defined under 18 USC §2256 Definitions of Chapter
(1) "Minor" means any person under the age of 18 yrs.
(2) Except as provided in subchapter (B) "Sexually explict Conduct

4) Under 18 USC § 2256 "Definitions of chapter"

(1) "Minor" means any person under the age of 18 years of age.

(2) (A.) Except as provided in subchapter (B) "Sexually' 'explicit' Conduct" means actual or simulated —
(i) sexual intercourse, including genitals-genitals, oral-genitals, anal-genitals, or oral-anal, whether between persons of the same sex or opposite sex.
(ii) bestiality
(iii) masterbation
(iv) sadistic or ~~masoco~~ masochistic abuse or:
(v) lascivious exhibition of the anus, genitals, or pubic area.

In no part of the discovery does any evidence or statement in which the government has presented. Establishes any form of Request from the defendent to show the defendant requested "Maddy" to send images of "Maddys" genitals.

The genitals being defined under law as described in the Attorneys Textbook of Medicine: 3d Ed. paragraph 39.02 it is said:" In the female organs and' 'structures concerned with function of Reproduction lie' 'within the body, deep in the lower part of the abdominal'. 'cavity or pelvis. Genitalia as term defined as organs of' 'the reproductive system. Organs and structures concerned' 'with the begetting or bearing offspring".

5.) Therefore the Definitions under legal terminology is very clear of what "genitalia is". And there is absolutely nothing in the U.S. Attorneys possession to indicate that this defendant requested "Maddy" to send the defendant "images" of "Maddy's" "genitals". That is "legal Fiction" and a false statement.

(According to the discovery) the U.S. Attorney produced a comment that stated, "If you were 'ever to send me nudes, I would believe you 'were real." Which this comment alone is not a violation of the law. The comment is posed as a statement and not a request. There are no references to genitals or pubis or vagina ect. Nude is a vague term. And not specifrely directed to indicate "Maddy" being "nude". And nude is not specific to indicate lewd or obscene material.

It depends on what subject or area is nude and how. At no point is the comments stating send me a photo or image of your nude genitals, nude vagina, nude pubis, nude buttocks, nude hands, nude feet, nude legs, and it does not indicate of who. Nude images of a Nudist Colony. Its vague. And Vague law is no law at all.

Osbourne v. Ohio, 495, U.S. 103, 112-113, 110, S. ct. 1691, 1697, 1698, 109, L.Ed. 2d. 98, 111 (1990) "Depictions of nudity "without more" is not illegal. (In dictum, the Osbourne Court noted that it had

Previously stated in New York v. Ferber 458, U.S. 747, 765-67, 102, S. ct. 3348, 3359, 3360, n. 18, 73, L.Ed. 2d. 1113, 1128, n.18 (1982) that: "depictions of nudity" without more constitute "protected expression".

Ferber also cited: at New York v. Ferber, 458, U.S. 747, 765 n.18, 102, S.ct. 3348, 73, L. Ed. 1113, see also Grimes, 244, F.3d. at 381-82, (noting that to find nudity alone sufficient for child pornography would "outlaw many works of art or family photos of, say naked children in bathtubs."

Although there was no photos of "Maddy" (U.C) or anything to indicate a request for (U.C.) "Maddy" to send the profile any "genital images" as the U.S. Attorney falsly indicates which is fraud upon the court. And anything obtained from Det. Steven Feeney whom obtained copies as defined under Title 17; chapter 1; section 101 (Definitions)

"Copies" are material objects, other than phonorecords in which a work is fixed, by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated either directly or with aid of a machine or device. The term 'copies' includes the material object other than a phonorecord in which the work is first affixed.

In short, Det. Steve Feeney violated Missouri Law RSMO 570.030 in order to get a reason to indict the defendant in a desperate attempt to prosecute the defendant. Yet United States Code 18 USC 3504(a)(1) and Article IV; Rule 402 of Crim. Rules of Evidence prohibit unlawfully obtained evidence from being admissable. And Because of this evidence being the basis and foundation of the Indictment. The Courts must dismiss the Indictment because without this unlawful evidence the Indictment cannot survive upon its face.

    This defendant wishes to submit additional case law and arguements within the Correspondence to the Honorable Courts. And Prays the Honorable Courts sustain this motion or allow a hearing to accept verbal arguements.

    Or sustain this motion and Dismiss the Indictment and Return the Defendant to Minnesota to resume the litigation in Houston County, Minn. which this defendant is on a writ here in Missouri.

I swear and affirm the foregoing under 28 USC 1746.

Humbly Submitted

*Raymond D. Cooper*

Raymond D. Cooper
5 Basler Drive
St. Genevieve, Mo. 63670

Deposit Funds. On-line at:
InmateCanteen.com

Raymond D. Cooper
5 Basler Drive
St. Genevieve, MO. 63670

Honorable Stephen Welby
Thomas Eagleton Courthouse
111 S. 10th St.
St. Louis, MO. 63102