# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**RAYMOND COOPER,**  )<br>)<br>Defendant.  ) | Cause No.  4:21-CR-190-SEP-SRW |

## DEFENDANT'S AMENDED MOTION TO CHALLENGE JURISDICTION AND DISMISS INDICTMENT

Comes now the defendant by and through his attorney, Joseph M. Hogan, and hereby moves to withdraw previously filed document 106 (Pro Se Motion Objections Under 12(B)(2) and document 107 (Pro Se Motion to Challenge Jurisdiction). Said documents were filed pro se by the defendant. Counsel has communicated with defendant concerning said documents. Defendant has instructed counsel to file an amended motion that encompasses both documents 106 & 107 and to expand upon issues raised in same.

The defendant hereby moves this Honorable Court pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 1030, and Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(A)(i), to dismiss the indictment in the above styled cause and in support of his Amended Motion to Challenge Jurisdiction and Dismiss Indictment states as follows:

1. On March 17, 2021, the United States Attorney's Office for the Eastern District of Missouri filed a two-count indictment charging the defendant with one count of Solicitation of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(3)(B)(ii) and one count of Transferring Obscene Material to a Minor pursuant to 18 U.S.C. § 1470.

2. The indictment states that the alleged offenses occurred between August 13,

2019, and June 12, 2020, in Adair County, Missouri, in the Eastern District of Missouri, and elsewhere.

3. The defendant is alleged to have knowingly transferred sexual images to a minor and solicited images of child pornography from said minor through the internet. Specifically, through the Facebook social media website.

4. Discovery provided by the Government states the defendant was allegedly communicating with an undercover police officer, Detective Steve Feeney of the Kirksville Police Department, who was masquerading as a 12- year-old female, fictitiously named 'Maddie."

5. Detective Feeney intentionally and surreptitiously gained access to the defendant's protected computer, through fraud and deceit by accessing the defendant's private messaging service through his Facebook account "mollyraye743@gmail.com" without the defendant's authorization and in violation of Facebook's "Terms of Service."

6. To become a Facebook member, and thereby gain access to certain content and communication services, prospective members are required to submit registration information, including name and date of birth, and agree to certain Terms of Service that regulated their use of the website. Prospective members were not allowed to become members unless they provided the requested registration information and agreed to the Facebook Terms of Service by checking a box stating that they agreed to the Facebook Terms of Service.

7. Detective Feeney's actions were in violation of 18 U.S.C. § 1030, Fraud and Related Activity in Connection with Computers. Admittedly, 18 U.S.C. § 1030(f) does not normally prohibit any law enforcement agency of the United States from investigative activity. However, this exception only applies to lawful activity. Detective Feeney's actions were not lawful because he lacked jurisdiction and was attempting to "Catfish" the defendant by using false and misleading Facebook registration information.

8. Wikipedia defines "Catfishing" as "[a] deceptive activity in which a person creates a fictional persona or fake identity on a social networking service, usually targeting a specific victim."  This is exactly what Detective Feeney did to the defendant.

9. When detective Feeney was "Catfishing" the defendant, he was allegedly communicating with the defendant through the internet on the Facebook social media website. The Facebook Corporation's headquarters are located in Menlo Park, California. It lists its address as: 1 Hacker Way, Menlo Park, California 94025.  There is no Facebook headquarters in the Eastern District of Missouri. There is no Facebook headquarters in the state of Missouri.

10. Facebook Corporation's server is located in the state of California. A server is a centralized computer that provides services for other computers connected to it via a network. When a Facebook member accesses their email, or a file stored on the network, those files are pulled from the server, where they are stored, and are sent to the member's computer via the network.

11. At all times relevant to this indictment, Facebook was a corporation based in Menlo Park, California, which operated a website located at [www.facebook.com](www.facebook.com). As the operator of that website, Facebook acted as an internet service provider.

12. At all times relevant to this indictment, Facebook's server computers were located in San Mateo County, California, within the Northern District of California, and operated in interstate and foreign commerce and communication.

13. At all times relevant to this indictment, Facebook was a website that offered social network services.  As a consequence, Facebook provided a forum where individuals who had registered as members of Facebook could post on-line personal profiles.  The profiles gave users an opportunity to post information about themselves. Facebook also provided members with access to certain communication services that allowed Facebook members to communicate with each other through the Facebook servers operated by Facebook in San Mateo County, California.  Although any computer user with access to the internet could visit Facebook, only members of Facebook could view certain content on the website or use Facebook communication services.

14. The Facebook communication services included instant messaging and private messaging services. The private messaging service was analogous to person-to-person email messages.  To access these services, members were required to access the Facebook servers to retrieve the information.

15. All alleged communications between the defendant and Detective Feeney occurred via Facebook and by and through the use of Facebook's internet servers located in California.

16. Detective Feeney intentionally and surreptitiously gained access to the defendant's private messaging service through fraud and deceit by accessing the defendant's personal Facebook account "Mollyraye743@gmail.com" without the defendant's authorization and in violation of Facebook's "Terms of Service." Detective Feeney's actions were in violation of 18 U.S.C. § 1030, Fraud and Related Activity in Connection with Computers. Detective Feeney is not exempt under said statute because he is not authorized to exercise police powers in the state of California. Detective Feeney's actions were not lawful because he was attempting to "Catfish" the defendant.

17. In United States v. Drew, 259 F.R.D. 449 (C.D. Cal. 2009), the U.S. government charged Lori Drew with violations of the Computer Fraud and Abuse Act (CFAA), in violation of 18 U.S.C. § 1030(a)(2)(C), over her alleged cyberbullying of a 13 year old neighbor, Megan Meier, who committed suicide. Lori Drew and Megan Meier both lived in Saint Charles County, Missouri. They communicated with each other through the Myspace internet social media website, from within their homes in Saint Charles County, Missouri. The criminal case was filed in the Central District of California because the Myspace server computers were located in Los Angeles County, California. Jurisdiction within the Central District of California was deemed proper by the trial court and the case proceeded to trial. While Lori Drew was eventually acquitted of the criminal charges, jurisdiction was never questioned by either party.

18. The circumstances of United States v. Drew, are analogous to the above styled cause, when considering the issue of jurisdiction. All alleged communications between the defendant and Detective Sweeney occurred on the Facebook website.  Facebook's headquarters and servers are located in San Mateo County, California.  The proper jurisdiction for this cause is the Northern District of California.

WHEREFORE, the defendant respectfully prays for an order of this Court dismissing the above styled cause for lack of jurisdiction and violation of Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(A)(i) or in the

alternative, order a change of venue to the Northern District of California.

      /s/ Joseph M. Hogan, 47008MO
Joseph M. Hogan
Attorney for Defendant
7710 Carondelet, Ste 404
Clayton, MO 63105
314-863-9898
jmhogan4090@sbcglobal.net

### Certificate of Service

The undersigned attorney hereby certifies that an electronic copy of the above styled document was electronically forwarded to the United States Attorney's Office for the Eastern District of Missouri on this 2nd day of April 2023.

      /s/ Joseph M. Hogan